[No. B101270. Second Dist., Div. Four. Jan. 24, 1997.]

INEZ C. CRAVENS, Plaintiff and Appellant, v.
STATE BOARD OF EQUALIZATION et al., Defendants and
Respondents.

**COUNSEL**

Michael T. Harper for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Margaret A. Rodda, Assistant Attorney General, Richard J. Rojo and Julie A. Cabos, Deputy Attorneys General, for Defendants and Respondents.

## OPINION

BARON, J.—

### FACTUAL AND PROCEDURAL BACKGROUND

In this case we address the question of whether a trial court has the power to grant an unopposed defense motion for summary judgment where a request for dismissal without prejudice has been filed by plaintiff one day before the scheduled hearing date. Appellant Inez C. Cravens, plaintiff below, maintains that under Code of Civil Procedure section 581, subdivision (c), a claimant's power to voluntarily dismiss his or her action before the commencement of trial is absolute. The trial court disagreed, and entered judgment in accordance with the order granting the summary judgment motion of respondents, the State Board of Equalization for the State of California and Richard Kelsey. We concur with the trial court, and hold that a plaintiff may not frustrate the summary judgment statute by interposing a voluntary dismissal without prejudice in lieu of opposition to a defendant's motion. The plaintiff who waits until a motion for summary judgment has been filed, and the time for opposition has passed, to attempt to dismiss his or her complaint, is subject to the trial court's continuing jurisdiction to hear and rule on the pending motion.

Appellant brought a complaint against defendants and respondents Board of Equalization and Kelsey and Janet Sulek[1] deriving from an incident in which Kelsey, an employee of the Board of Equalization, attempted to conduct an on-site audit of a business establishment known as the "Hat Creek Saloon." The complaint accused respondents of negligence in failing to treat appellant with respect and dignity and in a fair and equitable manner and in failing to investigate charges by her. The complaint also included a claim for "intentional tort" against these two parties which appears to be based on wrongful imprisonment and/or intentional infliction of emotional distress. The third cause of action included Sulek and was based on alleged deprivation of constitutional rights.

By motion dated July 6, 1995, respondents moved for summary judgment, reserving a hearing date of January 24, 1996. Appellant did not file an opposition. Instead, on January 23, 1996, appellant filed a request for

---

[1]Sulek is not a party to this appeal.

dismissal without prejudice against respondents only. The clerk completed the form stating that the dismissal was entered on January 23, 1996. In the meantime, having had no notice of the dismissal, respondents appeared at the hearing on January 24, as scheduled. The court granted the motion for summary judgment at that time. The order stated that the court had fully considered the evidence and separate statement submitted by respondents.. The court found that the evidence demonstrated that there was no issue of triable fact as to appellant's failure to file a claim with the California State Board of Control, a necessary prerequisite to suing the Board of Equalization, and that Kelsey was immune from civil prosecution. Judgment was entered on the order on February 7, 1996. A notice of appeal timely followed.

## DISCUSSION

The sole issue on appeal is whether the trial court has the power to grant a motion for summary judgment after a request for dismissal without prejudice has been filed and entered. Section 581, subdivision (c) of the Code of Civil Procedure provides that "[a] plaintiff may dismiss his or her complaint, or any cause of action asserted in it, in its entirety, or as to any defendant or defendants, with or without prejudice prior to the actual commencement of trial." This court has previously said that "[t]he right of a plaintiff to voluntarily dismiss an action before commencement of trial is not absolute. Code of Civil Procedure section 581 recognizes exceptions to the right; other limitations have evolved through the courts' construction of the term 'commencement of trial.' These exceptions generally arise where the action has proceeded to a determinative adjudication, or to a decision that is tantamount to an adjudication." (*Harris* v. *Billings* (1993) 16 Cal.App.4th 1396, 1402 [20 Cal.Rptr.2d 718].)

We recognized one such exception in *Hartbrodt* v. *Burke* (1996) 42 Cal.App.4th 168 [49 Cal.Rptr.2d 562], where plaintiff requested dismissal without prejudice to avoid imposition of terminating sanctions for failure to comply with a discovery order. There we held that ". . . a plaintiff cannot defeat a defendant's right to obtain a determination on the merits by simply filing a voluntary dismissal when statutory authority entitles the defense to a final judgment." (42 Cal.App.4th at p. 176.) Similarly, in *Miller* v. *Marina Mercy Hospital* (1984) 157 Cal.App.3d 765 [204 Cal.Rptr. 62], the court determined that a party who attempted to dismiss without prejudice after facts set forth in a request for admission were deemed admitted would

frustrate the purpose behind section 2033 of the Code of Civil Procedure and unfairly "wipe the slate clean . . . ." (157 Cal.App.3d at p. 769.) The court concluded that a summary judgment entered after the purported dismissal was the effective disposition of the case. (157 Cal.App.3d at p. 770.)

More recently in *Mary Morgan, Inc.* v. *Melzark* (1996) 49 Cal.App.4th 765 [57 Cal.Rptr.2d 4], the court held that a voluntary dismissal would not be permitted after a summary judgment hearing had commenced and was continued to permit the gathering of previously unavailable opposition evidence. There the court stated: "Logic and fairness dictate that the right of a plaintiff to voluntarily dismiss an action before commencement of trial is restricted not only by statutory limitations and judicial constructions of the phrase 'commencement of trial'; it is also limited by the dismissal procedure's conjunction with other judicial procedures. The interrelationship between various provisions of the Code of Civil Procedure must be considered when interpreting any one provision so that statutory harmony is achieved. [Citation.] . . . [¶] . . . [¶] We will not eviscerate the summary judgment procedure by permitting a plaintiff to voluntarily dismiss his or her action after commencement of a summary judgment hearing and continuation for the express and exclusive purpose of permitting the plaintiff an opportunity to present opposition evidence. The trial court correctly determined that appellant was not entitled to dismiss its action without prejudice and reassert the same allegations that it could not, or would not, defend when challenged by respondents' summary judgment motions." (49 Cal.App.4th at pp. 771-772.)

Section 437c of the Code of Civil Procedure states that summary judgment shall be granted if all the papers submitted by the moving party show that there is no triable issue as to any material fact and that he or she is entitled to a judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) Failure to file opposition including a separate statement of disputed material facts by not less than 14 days prior to the motion "may constitute a sufficient ground, in the court's discretion, for granting the motion." (*Id.,* subd. (b), 3d par.) As we can see from the trial court's ruling, respondents' moving papers met their burden of negating appellant's claims, entitling them to judgment as a matter of law if no issues of disputed fact were raised. Appellant failed to file opposition within the requisite time. At that point, entry of summary judgment in favor of respondents became a formality which appellant could not avoid by the stratagem of filing a last minute request for dismissal without prejudice.

## DISPOSITION

The judgment is affirmed.

Epstein, Acting P. J., and Aranda, J.,* concurred.

---

*Judge of the Municipal Court for the South Bay Judicial District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.