[No. B125819. Second Dist., Div. Four. Feb. 4, 2000.]

MATEEN MOSSANEN, a Minor, etc., Plaintiff and Appellant, v. AMIR H. MONFARED et al., Defendants and Respondents.

**COUNSEL**

James A. Frieden for Plaintiff and Appellant.

Redback, Hulbert, McAndrews & Kjar, Gregory M. Hulbert, Kevin S. McSherry and Tracey E. Augustine for Defendants and Respondents.

**OPINION**

**EPSTEIN, J.**—This is an action for medical malpractice, brought on behalf of Mateen Mossanen, a minor. The minor's mother, Elizabeth Mossanen, acted as his guardian ad litem, and also sued in her individual capacity. The trial court granted a motion to withdraw by counsel for plaintiffs. While plaintiffs were attempting to retain new counsel, the defendants, Amir H. Monfared and his medical corporation, brought a motion for summary judgment. Plaintiffs were unable to retain new counsel. They filed a dismissal of their action without prejudice, but the trial court granted defendants' motion to vacate the dismissal. The trial court then granted the motion for summary judgment and entered judgment for defendants.

Elizabeth Mossanen settled her individual action and is not a part of this appeal. Mateen, the minor, appeals through Mrs. Mossanen as his guardian ad litem. His appeal is from the judgment in favor of defendants and from the trial court's order vacating the dismissal. He argues the judgment must be reversed because the trial court abused its discretion in permitting his counsel to withdraw before new counsel had been obtained, and in vacating the dismissal without prejudice.

We conclude that, under the circumstances of this case, the trial court erred in allowing counsel for Mateen to withdraw before a new attorney had been retained. Once Mateen was unrepresented, his guardian ad litem, a layperson, was powerless to oppose the summary judgment motion on his behalf. Under these circumstances, the guardian ad litem took the only course available to preserve Mateen's cause of action—to voluntarily dismiss the action without prejudice. The trial court erred in vacating that dismissal and in entering judgment for defendants on their summary judgment motion.

## FACTUAL AND PROCEDURAL SUMMARY

Mateen was born on November 27, 1995. He has cerebral palsy and is permanently disabled. Defendant Amir Monfared, M.D., was one of Elizabeth Mossanen's obstetricians. On November 20, 1996, Mrs. Mossanen, individually, and as guardian ad litem for Mateen, sued Dr. Monfared for negligence and emotional distress. The complaint was later amended to name Dr. Monfared's medical corporation as a Doe defendant. Plaintiffs were then represented by Attorney Bruce Fagel.

In November 1997, Mr. Fagel and another attorney in his office, Thomas S. Alch, met with Mr. and Mrs. Mossanen to discuss case strategy. After that meeting, Mr. Fagel concluded there were irreconcilable differences regarding the prosecution of the case. Mr. and Mrs. Mossanen were told that they should seek new representation. In late January 1998, Mr. Alch again spoke with Mr. and Mrs. Mossanen and told them that his firm would move to withdraw from the case. Mr. Alch memorialized this conversation in a letter to the Mossanens.

On February 3, 1998, the Fagel office filed a motion to withdraw as counsel. Court approval was required to allow the Fagel office to withdraw as counsel for Mateen. (See *Torres v. Friedman* (1985) 169 Cal.App.3d 880, 887-888 [215 Cal.Rptr. 604].) The Fagel firm moved to continue the June 16, 1998, trial date, in order to allow new counsel sufficient time to prepare for trial.

Plaintiffs filed an opposition to the Fagel firm's motion to withdraw, prepared by Attorney Bezhad Nahai. The opposition was based on the contention that plaintiffs had not yet been able to retain new counsel, and that they had been given insufficient time to do so.

Mr. Nahai appeared on behalf of plaintiffs at the March 25 hearing on the motion to withdraw. Mr. Fagel asked the court to allow him to continue the motion to withdraw for 30 days to give plaintiffs additional time to retain new counsel. Mr. Fagel also asked the court to continue the trial. The trial court observed that the trial had been continued twice before at plaintiffs' request.

Counsel for defendants said that while his clients had not opposed an earlier motion to continue the trial to give plaintiffs an opportunity to retain new counsel, he now feared that defendants would be prejudiced by further delay. The trial court allowed Mr. Fagel to take the motion to withdraw off calendar and denied the motion to continue the trial date.

Mr. Nahai informed the court that the ability of plaintiffs to obtain new counsel was dependent on the trial not going forward in June as scheduled. The trial court replied: "I will tell you this, I would look with favor upon a motion to continue if we have an attorney standing here who represents your client and can tell me what their schedule is and how long they need to prepare for a new trial date that is very reasonable. Because I see prejudice to the defense here if I simply continue the trial and allow your client to go looking and looking for another attorney, we will never get there. [¶] The trial date stands. And Mr. Fagel will be trying this case as it stands now. That is the state of the case." The court refused Mr. Fagel's request to discuss the matter in camera, and told Mr. Fagel that he could renew his motion, and could include submissions under seal with the renewed motion.

At the conclusion of the hearing, the trial court again advised Mr. Nahai that: ". . . the motion to continue the trial is denied. But you can represent to any attorney that your client is seeking to retain that I would very likely continue that date to accommodate counsel, but I want to do it when I have an attorney standing here and we can all talk about what is a proper date."

Five days later, on March 30, 1998, the Fagel firm filed a second motion to withdraw as counsel for plaintiffs and another motion to continue the trial. The trial court continued the trial to August 25, 1998. No opposition was presented to the motion to withdraw. At the hearing on that motion, plaintiffs asked for an additional 40 days to find an attorney. Counsel for defendants objected to any further delay.

The trial court again indicated that it would consider a further continuation of the trial for good cause shown by a new attorney for plaintiffs, in order to allow trial preparation. But it refused to change any dates at that time. The court also warned that the guardian ad litem for Mateen could not proceed to trial without counsel, and that his case would be dismissed on the date set for trial in the event that new counsel for Mateen had not been retained. Mr. Mossanen explained that the attorneys he had consulted had other obligations, which was why new counsel had not been retained.

The trial court granted the motion to withdraw, but made it effective one week later, on May 8, 1998. The trial court stated that it had relied on declarations submitted under seal by Mr. Fagel's firm in granting the motion to withdraw. The declarations were returned to Mr. Fagel's firm and are not in the record on appeal. The trial court set a status conference for May 15, 1998, to determine whether plaintiffs had retained counsel.

On May 8, defendants filed a motion for summary judgment on the grounds that Dr. Monfared was not responsible for the injuries and that he had adhered to the applicable standard of care. The motion was supported by a declaration by Dr. Monfared and excerpts of a deposition by Dr. John H. Menkes.

At the May 15, 1998, status conference, Richard Wood, of the Law Office of Steven Heimberg, made a special appearance on behalf of plaintiffs. He asked the trial court to allow his firm additional time to review records in the case to determine whether to accept plaintiffs' representation.

Counsel for defendants again opposed any continuance. The trial court set another status conference for May 29th and refused to continue the motion for summary judgment.

Plaintiffs, still without counsel, did not file an opposition to the motion for summary judgment. They did file a request for dismissal of their action, without prejudice, on May 22, 1998. The action was dismissed the same day. There was no appearance for plaintiffs at the May 29, 1998, status conference. Counsel for defendants appeared and argued that the trial court was authorized to, and should, strike the dismissal without prejudice and enter judgment for defendants. The trial court said: "Here we are at a status conference and they are not here, and I would be inclined to dismiss the case, and I would do it without prejudice. [¶] And if you think there is law to support me dismissing this case with prejudice then I am going to simply set it for a date for hearing on that kind of motion. Because it is not something I want to do just standing here talking with each other on the

record without giving it some thought and without you having submitted some written authority for the proposition." Defense counsel asked the court, ex parte, to set the hearing on his motion to vacate the dismissal on the same date as the hearing on the motion for summary judgment. The trial court agreed to this request and set both hearings for June 15, 1998.

Defendants moved to vacate plaintiffs' dismissal without prejudice. They argued that the dismissal was an improper attempt to circumvent the pending motion for summary judgment, relying on *Cravens v. State Bd. of Equalization* (1997) 52 Cal.App.4th 253 [60 Cal.Rptr.2d 436].

Plaintiffs retained Attorney James Frieden to file an opposition to the motion to vacate the dismissal. Mr. Frieden filed an "OPPOSITION (TO MOTION TO VACATE THE REQUEST FOR DISMISSAL WITHOUT PREJUDICE) IN THE NATURE OF OBJECTION TO PROCEEDING WITH ANY ACTIONS AFTER THE WITHDRAWAL OF COUNSEL FOR MATEEN MOSSANEN." Mr. Frieden argued that the court was obligated to protect the minor's interests by allowing dismissal of his action without prejudice. He suggested that the trial court dismiss the case on its own motion, without prejudice, and order that all discovery in the present case could be available for any future action brought on behalf of Mateen for medical malpractice against the defendants. Alternatively, plaintiffs requested a four-month continuance of the motion for summary judgment to obtain counsel and file an opposition to the motion. Mr. Frieden explained that he did not handle medical malpractice matters and that the Mossanens were still searching for an attorney to take the case. Mr. Frieden also filed an objection to the hearing on the motion for summary judgment, incorporating the argument made in the opposition to the motion to vacate the dismissal.

Mr. Frieden appeared for Mateen at the June 15 hearing. In response to the trial court's request that he clarify the parameters of his special appearance, he explained that he was present only to try to secure an opportunity for Mateen to proceed with his action, but that he would not be litigating the medical malpractice cause of action. Mr. Frieden informed the court that Elizabeth Mossanen had accepted a Code of Civil Procedure section 998 offer to compromise on her own behalf only. Turning to Mateen's case, the trial court indicated its intention to grant the motion to vacate the dismissal and to rule on the motion for summary judgment. Mr. Frieden urged the court not to do so, arguing that: "[t]he problem here is that we have an unrepresented minor represented by a guardian ad litem who according to the law cannot object on behalf of the minor until she obtains counsel."

Mr. Frieden pointed out that defendants had waited until Mr. Fagel was allowed to withdraw from the case to file their motion for summary judgment, even though the supporting declaration of Dr. Monfared had been

executed a month before. He argued that the interests of the minor were paramount and that the statute of limitations for Mateen to bring his action was tolled under Code of Civil Procedure section 340.4.[1] He contended that Mateen was caught in a procedural catch-22, in that his attorney had been allowed to withdraw from the case and there was no one with authority to oppose the summary judgment on his behalf.

Counsel for defendants reiterated that he had conducted extensive discovery. He said Mateen had not been made available for an independent medical examination, which was the only remaining discovery to be conducted by defendants. He argued that his client would be prejudiced by delay because the potential judgment exceeded the amount of his malpractice coverage.

The trial court ruled: "I think that the plaintiffs in this case have had every break. I have given them a lot of time to retain a lawyer to fight their case or prosecute this case on its merits and to oppose this. [¶] I think, and I know I am doing the right thing, the Court of Appeal may differ, but I [sic] convinced in my own mind by granting this motion goes first of all to set aside the dismissal which I believe to be superfluous or may not be, but I will grant the motion as to the merits of the motion for summary judgment, summary adjudication. The motion is granted in its entirety for the reasons stated in the moving papers." The court entered judgment in favor of the defendants on all causes of action. Mateen has appealed from the judgment and from the trial court's order granting defendants' motion to vacate the dismissal of the action without prejudice.

## DISCUSSION

The dispositive issue in this case is whether the trial court erred in vacating the voluntary dismissal, without prejudice, of Mateen's action. We conclude that it did and reverse the judgment.

"Code of Civil Procedure section 581, subdivision (b), provides that an action may be dismissed '(1) With or without prejudice, upon written request of the plaintiff to the clerk, filed with papers in the case, or by oral or written request to the court at any time before the actual commencement of trial, upon payment of the costs, if any. . . .' Similar authority is found in subdivision (c) of that same section: 'A plaintiff may dismiss his or her complaint, or any cause of action asserted in it, in its entirety, or as to any

---

[1]All further statutory references are to the Code of Civil Procedure. Section 340.4 provides: "An action by or on behalf of a minor for personal injuries sustained before or in the course of his or her birth must be commenced within six years after the date of birth, and the time the minor is under any disability mentioned in Section 352 shall not be excluded in computing the time limited for the commencement of the action."

defendant or defendants, with or without prejudice prior to the actual commencement of trial.' [¶] The right of a plaintiff to voluntarily dismiss an action before commencement of trial is not absolute. Code of Civil Procedure section 581 recognizes exceptions to the right; other limitations have evolved through the courts' construction of the term 'commencement of trial.' These exceptions generally arise where the action has proceeded to a determinative adjudication, or to a decision that is tantamount to an adjudication." (*Harris v. Billings* (1993) 16 Cal.App.4th 1396, 1401-1402 [20 Cal.Rptr.2d 718].)

In *Harris v. Billings, supra*, 16 Cal.App.4th 1396, we held that a trial court erred in changing a voluntary dismissal from one without prejudice to a dismissal with prejudice. Once a voluntary dismissal has been properly entered under section 581, " 'the trial court is without jurisdiction to act further in the action [citations] except for the limited purpose of awarding costs and statutory attorney's fees. [Citations.]' " (*Harris v. Billings, supra*, 16 Cal.App.4th at p. 1405.)

Defendants rely on our opinion in *Cravens v. State Bd. of Equalization, supra*, 52 Cal.App.4th 253. In *Cravens*, the plaintiff, faced with a motion for summary judgment, failed to file an opposition, but instead, on the day before the hearing, filed a voluntary dismissal without prejudice. The clerk entered a dismissal of the action on the same day. The trial court granted the motion for summary judgment, finding that there was no issue of triable fact on the defense that the plaintiff had failed to file a claim under the California Tort Claims Act. (Gov. Code, § 810 et seq.)

We affirmed the judgment. We reasoned that the plaintiff's failure to file opposition to the summary judgment motion made entry of summary judgment in favor of the defendants a formality "which appellant could not avoid by the stratagem of filing a last minute request for dismissal without prejudice." (*Cravens v. State Bd. of Equalization, supra*, 52 Cal.App.4th at p. 257.) The basis of our decision was that a plaintiff who has failed to oppose a summary judgment motion cannot evade the consequence of the omission by an adroit dismissal of the lawsuit. This is not such a case.

Here, without counsel, Mateen's guardian ad litem was powerless to oppose the motion for summary judgment. She could not represent Mateen's interests without counsel. (*J.W. v. Superior Court* (1993) 17 Cal.App.4th 958, 968 [22 Cal.Rptr.2d 527] ["[N]either the common law nor guardianship statutes sanction an exception to the State Bar Act prohibition against the unauthorized practice of law in favor of guardians acting for their wards."].) The plaintiff in *Cravens* suffered from no such disability.

Mrs. Mossanen's predicament, as guardian ad litem, was brought about by the trial court's ruling allowing previous counsel to withdraw even though it was known that defendant was about to file a summary judgment motion. The trial court's initial disposition was to keep plaintiffs' counsel in the case at that point. Had the court done so, counsel would have been in a position to assert triable issues of material fact in opposition to the summary judgment motion, if there were any. As it was, counsel was allowed to withdraw at a point where the minor was left with no means to resist the motion. At that juncture, plaintiffs' counsel having withdrawn, the only fair remedy was to allow the dismissal, already filed, to remain in effect.

The trial court erred in vacating the dismissal without prejudice and in granting defendants' motion for summary judgment.

### DISPOSITION

The judgment is reversed. Appellant is to have his costs on appeal.

Vogel (C. S.), P. J., and Curry, J., concurred.