Filed 4/30/14  P. v. Robertson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C074055 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF11-2447, CRF12-0874 & CRF12-1362) |
| v. | |
| JOHN THOMAS ROBERTSON, | |
| Defendant and Appellant. | |

Defendant entered into a comprehensive plea agreement to resolve three cases by which lids on state prison terms were settled, imposition of sentence was suspended, and formal probation was granted on certain terms and conditions.  Six months later, after defendant was found in violation of probation, his probation was revoked and the trial court imposed a term in state prison that was within the range permitted by the plea bargain.  Defendant appeals, solely contending the trial court should have stayed the sentence on one count in one of the three cases (CRF12-1362), attempted criminal threat

1

(one-third the midterm, or four months), based on Penal Code section 654.[1] During sentencing, defendant made no section 654 objection or argument, the prosecutor made an opaque, off-hand remark about it, and the trial court expressly found it did not apply. Defendant did not obtain a certificate of probable cause. We dismiss the appeal.

Defendant here contends the trial court should have stayed the short consecutive sentence on the attempted criminal threat (CRF12-1362) under section 654 because it involved the same course of conduct with the same objective as the other offense, spousal abuse, in that case. In his opening brief, he does not mention that he failed to obtain a certificate of probable cause.

The Attorney General contends defendant's claim is forfeited for lack of a certificate of probable cause.[2]

In his reply brief, defendant claims a certificate of probable cause was unnecessary because: (1) he did not agree to a maximum sentence under the plea agreement; (2) he was not sentenced to incarceration after his plea, but only after his violation of probation six months later; and (3) a section 654 challenge to a potential sentence after violation of probation was explicitly reserved at the plea. Even assuming defendant may raise these arguments for the first time in a reply brief (cf. *Sourcecorp, Inc. v. Shill* (2012) 206 Cal.App.4th 1054, 1061-1062, fn. 7), we find them unpersuasive.

A defendant may not appeal from a judgment of conviction following a plea of guilty or no contest unless he first obtains a certificate of probable cause. (§ 1237.5, subd. (b); *People v. Cuevas* (2008) 44 Cal.4th 374, 383-384.) "Even when a defendant purports to challenge only the sentence imposed, a certificate of probable cause is required if the challenge goes to an aspect of the sentence to which the defendant agreed

---

[1]    Undesignated section references are to the Penal Code.

[2]    The Attorney General also contends defendant's argument lacks merit. In light of our disposition, we do not reach this argument.

as an integral part of a plea agreement.  [Citations.]"  (*People v. Johnson* (2009) 47 Cal.4th 668, 678.)  Here, defendant's pleas to counts 1 (spousal abuse) and 2 (attempted criminal threat) ( CRF12-1362) were an integral part of the comprehensive plea agreement he signed.

Defendant incorrectly asserts he did not need a certificate of probable cause because his plea did not include a maximum sentence.  On this basis, he purports to distinguish *People v. Cuevas, supra*, 44 Cal.4th 374, where the plea specified a maximum sentence.  (See *id.* at p. 382.)  Even so, defendant does not cite any authority that holds section 1237.5, subdivision (b) does not apply merely because the plea does not specify a maximum sentence, and we know of no such authority.  Legal propositions asserted without developed argument or authority are forfeited.  (*Quail Lakes Owners Assn. v. Kozina* (2012) 204 Cal.App.4th 1132, 1137.)  In any event, he is wrong on his predicate; the court and the parties generally agreed on a maximum sentence and it was noted by the court during the original sentence proceedings and again six months later when it was imposed, after defendant violated probation.

Defendant also asserts the need for a certificate of probable cause was obviated because he was not sentenced to state prison after his plea, but only six months later, after his subsequent probation violation.  He reasons that if he was required to obtain a certificate of probable cause to raise a potential section 654 issue after a grant of probation, under rule 8.308(a) of the California Rules of Court (rule 8.308(a)) he would need to do so within 60 days of the initial "sentencing to probation," and before the issue had actually arisen.[3]  Thus, according to defendant:  "Following [the Attorney General's]

---

[3]    Rule 8.308(a) provides in part:  "Except as provided in (b) [cross-appeals] or as otherwise provided by law, a notice of appeal and any statement required by [] Section 1237.5 must be filed within 60 days after the rendition of the judgment or the making or the order being appealed."

3

logic, no defendant in a similar situation as here may raise a [] section 654 issue. Ever." We reject this contention for several reasons.

First, as with the previous contention, defendant fails to cite authority holding section 1237.5, subdivision (b) does not apply to the situation he describes. Second, defendant does not explain, and we do not see why a defendant who enters a plea on the extremely favorable terms for which defendant bargained here -- avoiding a lengthy prison sentence and receiving instead a guarantee of probation (with the interim condition that nominal jail time would actually be served in a residential drug treatment program) -- would have any reason to challenge those terms, even if they posed the theoretical possibility of an inchoate section 654 issue. Third, defendant did file a timely notice of appeal from his ultimate sentencing; he merely failed to obtain a certificate of probable cause.

Defendant finally asserts, relying on *People v. Shelton* (2006) 37 Cal.4th 759 (*Shelton*), that his right to raise a section 654 challenge to a potential sentence after a violation of probation was *explicitly* reserved by the plea bargain. The record does not support defendant's claim, and his reliance on *Shelton* is misplaced.

In *Shelton*, the court stated in dicta: "Of course, a prosecutor and a defendant may enter into a negotiated disposition that expressly recognizes a dispute or uncertainty about the trial court's authority to impose a specified maximum sentence -- because of [] section 654's multiple punishment prohibition or for some other reason -- and preserves the defendant's right to raise that issue at sentencing and on appeal. [Citation.] In that situation, the plea agreement's validity and enforceability would be unaffected by the ultimate resolution of the disputed issue because each party could be understood to have expressly or impliedly accepted and assumed the risk that the issue would be resolved in

4

the opposing party's favor." (*Shelton, supra*, 37 Cal.4th at p. 769.)[4]  Here, however, the record does not show the parties' negotiated disposition expressly recognized a potential section 654 issue or preserved defendant's right to raise such an issue should he eventually be sentenced to prison.  The prosecutor's opaque, off-hand remark at the change of plea hearing was not anchored to any count or counts.  It was entirely gratuitous.  It does not reflect anything in the written plea agreement.  In any event, defense counsel did not respond to or even note the prosecutor's remark.  Nor did the trial court.  Thus the facts here do not bring this case within the *Shelton* dicta defendant relies on.

In *Shelton*, where the court found the defendant did not reserve the right to challenge the trial court's authority to impose an agreed sentencing lid, "defendant's contention that the lid sentence violated the multiple punishment prohibition of [] section 654 was in substance a challenge to the plea's validity and thus required a certificate of probable cause, which defendant failed to secure.  Absent a certificate of probable cause, the Court of Appeal could not entertain his sentence challenge, which was the only issue defendant raised on appeal, and it had no alternative but to dismiss the appeal. [Citations.]"  (*Shelton*, *supra,* 37 Cal.4th at p. 769.)  Here, too, the section 654 challenge is the sole issue defendant raises on appeal, and he did not obtain a certificate of probable cause or reserve the right to challenge his sentence without one.  Thus, *Shelton* requires us to dismiss defendant's appeal.

---

[4]  Shelton went on to observe that the defendant before it had not done so.  (*Ibid.*)

5

## DISPOSITION

The appeal is dismissed.

        NICHOLSON    , J.

We concur:

        RAYE    , P. J.

        ROBIE    , J.