Filed 1/29/19; pub. order 2/22/19 (see end of opn.)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ORCHARD ESTATE HOMES, INC., | |
| Petitioner and Respondent, | E068064 |
| v. | (Super.Ct.No. PSC1700644) |
| THE ORCHARD HOMEOWNER ALLIANCE, | OPINION |
| Objector and Appellant. | |

APPEAL from the Superior Court of Riverside County. David M. Chapman, Judge. Affirmed.

Parlow Law Office, Daniel M. Parlow; Slovack Baron Empey Murphy & Pickney LLP and Wendy S. Dowse for Objector and Appellant.

Green Bryant & French LLP, Jeffrey A. French; Berding & Weil LLP and Timothy P. Flanagan for Petitioner and Respondent.

1

Adams Stirling PLC, Laurie S. Poole as Amicus Curiae on behalf of Petitioner and Respondent.

Orchard Estate Homes, Inc., is a 93-unit planned residential development, governed by covenants, conditions, and restrictions (CC&R's), supplemented by rules and regulations prohibiting short term rentals of units for durations of less than 30 days. When Orchard's homeowners association attempted to enforce this rule against an owner who used a unit for such purpose, a lower court ruled the rule was unenforceable because it was not contained in the CC&R's. Orchard put the issue to a vote to amend the CC&R's. After balloting was completed, approximately 62 percent of the owner-members of the homeowners association voted to prohibit short term rentals, but the percentage was less than the super-majority required to accomplish the amendment.

Orchard then filed a petition pursuant to Civil Code section 4275 seeking authorization to reduce the percentage of affirmative votes to adopt the amendment, which was opposed by the Orchard Homeowner Alliance (Alliance), an unincorporated association of owner members, who purchased units for short term rental purposes. The trial court granted the petition and the Alliance appeals, arguing that the trial court erred in ruling that voter apathy was not an element of Civil Code section 4275. We affirm.

## BACKGROUND

Orchard Estate Homes, Inc., (Orchard) is a homeowners association established in 2004 to manage a 93-unit development located east of Indio, California. The homeowners association and all member-owned lots are encumbered by CC&R's, which

2

may be amended by approval of owners representing 67 percent of the total members and 51 percent of eligible first mortgagees of the association.

In 2011, Orchard adopted rules and regulations prohibiting short term rentals, to supplement the CC&R's. However, a vacation rental provider that owned one unit, successfully defended against enforcement of the rules, by arguing that the rules, adopted by Orchard's Board of Directors and not by a vote of the owners, were not a valid amendment to the CCRs. Orchard therefore conducted an election to adopt an amendment to the CC&R's to prohibit short term rentals of less than 30 days.

On November 10, 2016, Orchard sent notices of the election, along with ballots and other materials, to all owner-members of the homeowners association, and on December 13, 2016, when balloting was closed, 85 of the 93 members had cast votes, with the proposed amendment garnering 58 votes in favor, or 62 percent. On February 2, 2017, Orchard filed a petition pursuant to Civil Code section 4275, seeking judicial approval to reduce the percentage of affirmative votes required to amend the CC&R's. The Alliance, a group of owners who purchased units for short term vacation rentals, opposed the petition, arguing that voter apathy had not been alleged or proven, precluding relief. After a hearing, the trial court granted Orchard's petition. The Alliance appeals.

DISCUSSION

The Alliance argues that the trial court abused its discretion in granting Orchard's petition by ruling that voter apathy was not a prerequisite to an order authorizing relief under Civil Code section 4275. We disagree.

Civil Code section 4275 (formerly section 1356) provides in pertinent part: "If in order to amend a declaration, the declaration requires members having more than 50 percent of the votes in the association, [ . . . ] to vote in favor of the amendment, the association, or any member, may petition the superior court of the county in which the common interest development is located for an order reducing the percentage of the affirmative votes necessary for such an amendment." (Civ. Code § 4275, subd. (a).) "The purpose of [the statute] is to provide homeowners associations with the 'ability to amend [their] governing documents when, because of voter apathy or other reasons, important amendments cannot be approved by the normal procedures authorized by the declaration. [Citation.] . . . ' [Citation.]" (*Mission Shores Assn. v. Pheil* (2008) 166 Cal.App.4th 789, 794-795.)

The statute gives the trial court broad discretion in ruling on such a petition. (*Mission Shores, supra,* 166 Cal.App.4th at p. 795.) Accordingly, we review for abuse of discretion. (*Quail Lakes Owners Assn. v. Kozina* (2012) 204 Cal.App.4th 1132, 1139, citing *Mission Shores, supra,* 166 Cal.App.4th 789*; Fourth La Costa Condominium Owners Assn. v. Seith* (2008) 159 Cal.App.4th 563, 570.) The trial court is not required to make any particular findings when considering such a petition; instead, it is sufficient

4

if the record shows that the court considered the requisite factors in making its ruling. (*Quail Lakes Owners Assn., supra*, 204 Cal.App.4th at p. 1140.)

The court may grant the petition if it finds all of the following:  "'Notice was properly given; the balloting was properly conducted; reasonable efforts were made to permit eligible members to vote; "[o]wners having more than 50 percent of the votes . . . voted in favor of the amendment"; and "[t]he amendment is reasonable.""" (*Quail Lakes Owners Assn. v. Kozina, supra,* 204 Cal.App.4th at p. 1135, quoting *Peak Investments v. South Peak Homeowners Assn., Inc.* (2006) 140 Cal.App.4th 1363, 1366–1367; see also Civ. Code, § 4275, subd. (c).)

The Alliance does not complain that the evidence presented to the trial court fails to satisfy the above-described elements of subdivision (c) of Civil Code section 4275, nor does it claim the amendment would be improper for any of the reasons set forth in Civil Code section 4275, subdivision (e).  Instead, the Alliance argues that voter apathy is an element of Civil Code section 4275, and that relief is not proper unless voter apathy has been established.

After reviewing the decisions on which Alliance relies for the assertion that voter apathy is an element of a Civil Code section 4275 petition, we conclude Alliance has incorrectly construed statements made in dicta in some authorities regarding the *purpose* of the statutory procedure.  In *Blue Lagoon Cmty. Ass'n v. Mitchell,* the court stated, "Viewed objectively, the purpose of [former] Civil Code section 1356 [now 4275] is to give a property owners' association the ability to amend its governing documents when,

5

because of voter apathy or other reasons, important amendments cannot be approved by the normal procedures authorized by the declaration." (*Blue Lagoon Cmty. Ass'n v. Mitchell, supra,* 55 Cal.App.4th at p. 477; see also, *Quail Lakes Owners Assn., supra,* 204 Cal.App.4th at pp. 1134-1135.)

Similar statements of legislative purpose are found in *Fourth La Costa Condominium Owners Assn. v. Seith* and *Peak Investments v. South Peak Homeowners Assn., Inc.* However, none of the cases hold that voter apathy is an element that must be alleged or proven. It is well settled that an appellate decision is not authority for everything said in the opinion, but only for points actually involved and decided. (*People v. Knoller* (2007) 41 Cal.4th 139, 154-155; *Santisas v. Goodin* (1998) 17 Cal.4th 599, 620, citing *Childers v. Childers* (1946) 74 Cal.App.2d 56, 61.)

The doctrine of precedent, or stare decisis, extends only to the ratio decidendi of a decision, not to supplementary or explanatory comments which might be included in an opinion. (*People v. Superior Court* (2016) 1 Cal.App.5th 892, 903, citing *Gogri v. Jack in the Box, Inc.* (2008) 166 Cal.App.4th 255, 272.) Only the ratio decidendi of an appellate opinion has precedential effect. (*Trope v. Katz* (1995) 11 Cal.4th 274, 287.) The decisions relied upon by the Alliance refer to a supposed legislative purpose, but none of these authorities held that voter apathy is a requisite element of the statutory procedure, nor do any of them require proof of voter apathy as a precondition to relief from the supermajority provisions of the CCRs.

6

Looking at the statutory language of Civil Code section 4275, we observe five elements required to be established to authorize a reduction in the required voting percentage to amend a provision of the governing CCRs. Those elements require the trial court to find that adequate notice was given; that balloting on the proposed amendment was conducted in accordance with the governing documents as well as the provisions of the Davis-Stirling Common Interest Development Act; a reasonably diligent effort was made to permit all eligible members to vote on the proposed amendment; members having more than 50 percent of the votes voted in favor of the amendment; the amendment is reasonable; and granting the petition is not improper. (Civ. Code, § 4275, subd. (c).) The statute does not include voter apathy among the list of elements that must be established.

Applying the rules of statutory construction, in the absence of an ambiguity, the plain meaning of the statute controls. (*Tract 19051 Homeowners Assn. v. Kemp* (2015) 60 Cal.4th 1135, 1143; *Anderson Union High School Dist. v. Shasta Secondary Home School* (2016) 4 Cal.App.5th 262, 283.) Orchard was not required to plead and prove voter apathy under the plain language of Civil Code section 4275, and we are not empowered to insert what a legislative body has omitted from its enactments. (*Williams v. Superior Court* (1993) 5 Cal.4th 337, 357; *Wells Fargo Bank v. Superior Court* (1991) 53 Cal.3d 1082, 1099.) We therefore decline to imply an element that was not expressed by the Legislature.

The trial court did not abuse its discretion in granting the petition.

**DISPOSITION**

The judgment is affirmed.  Respondent is entitled to costs on appeal.

RAMIREZ
P. J.


We concur:

McKINSTER
J.

FIELDS
J.

8

Filed 2/22/19

CERTIFIED FOR PUBLICATION
COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

**<u>ORDER</u>**

| | |
|---|---|
| ORCHARD ESTATE HOMES, INC.,<br>    Petitioner and Respondent, | E068064 |
| v. | |
| | (Super.Ct.No. PSC1700644) |
| THE ORCHARD HOMEOWNER ALLIANCE,<br>    Objector and Appellant. | ORDER CERTIFYING<br>OPINION FOR PUBLICATION |

_____

THE COURT

  Requests having been made to this court pursuant to California Rules of Court, rule 8.1120(a), for publication of a nonpublished opinion heretofore filed in the above matter on January 29, 2019, and it appearing that the opinion meets the standards for publication as specified in California Rules of Court, rule 8.1105(c),

  IT IS ORDERED that said opinion be certified for publication pursuant to California Rules of Court, rule 8.1105(b).  The opinion filed in this matter on January 29, 2019, is certified for publication.

  CERTIFIED FOR PUBLICATION

RAMIREZ     
P. J.

We concur:

McKINSTER    
     J.

FIELDS     
     J.

9