Filed 7/29/14  Berk v. Aurora Loan Services CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| HEATHER LYNN BERK, | |
| Plaintiff and Appellant, | E056200 |
| v. | (Super.Ct.No. INC089166) |
| AURORA LOAN SERVICES, LLC, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Harold W. Hopp, Judge.

Affirmed.

Bruce J. Guttman for Plaintiff and Appellant.

Houser & Allison, and Sara L. Markert for Defendant and Respondent.

Plaintiff Heather Lynn Berk (Berk) appeals after the trial court granted summary

judgment in favor of defendants Aurora Loan Services (Aurora) and Mortgage Electronic

1

Registration Systems, Inc. (MERS)[1] on Berk's action to recover her home following foreclosure. We affirm.

## I. PROCEDURAL BACKGROUND AND FACTS

On or about November 29, 2005, Berk purchased a home in Indio, California. After losing her job, she stopped making payments in September 2008. She contacted Aurora for the purpose of modifying her loan. She claims that Aurora told her that she would have to stop making payments for three months in order to be considered for a loan modification.[2] She stopped making payments and, at her request, Aurora presented her with a Workout Agreement (Agreement), which she signed on April 5, 2009.

According to the Agreement, Berk was required to make four "consecutive stipulated monthly payments" beginning in April 2009, and provide Aurora with a package of financial materials, including "a completed Borrower's Financial Statement and proof of income (copies of [Berk's] two (2) most recent pay stubs) to enable [Aurora] to properly evaluate [Berk's] current financial situation and [her] request for a loan modification or other loan workout option." The Agreement specifically stated that Berk acknowledged her loan was in default, that it was due in full, that payments made were less than the total amount due to cure the default, and that such payments did not "prevent [Aurora] from continuing with collection action, or require [Aurora] to re-notify

---

[1] Berk only identified Aurora as a respondent. Thus, she has not appealed the judgment as to MERS.

[2] In a declaration, she claimed that Aurora told her to "wait until [she] receive[d] notices of default and . . . a notice of sale [then] call back for a forbearance agreement, and . . . apply for a hardship modification of the loan."

[Berk] of . . . any process prior to [Aurora] proceeding with collection action if [Berk] Defaults." On July 13, 2009, Aurora notified Berk that her package of financial materials was incomplete because it failed to provide proof of income. Thus, Aurora proceeded with the foreclosure sale on July 30, 2009.

On August 28, 2009, Berk initiated this action alleging fraud, negligence, breach of contract, rescission and declaratory relief/wrongful foreclosure. According to her first amended complaint, filed on July 13, 2010, she claimed that Aurora misled her into believing that if she complied with the Agreement, she would be able to stay in her home and it would not proceed with foreclosure. She also claimed that Aurora breached the Agreement by wrongfully foreclosing on her home after she made the required four payments. A second amended complaint was filed on October 29, 2010; however, it was later stricken because it was not filed within the time permitted after Aurora's demurrer to the first amended complaint was sustained with leave to amend.

On October 17, 2010, Aurora served written discovery, including requests for admission, on Berk through her counsel of record, Andrew Kulick. Berk failed to provide timely verified responses, and on December 17, Aurora moved to compel responses and deem facts admitted. On December 30, 2010, Berk dismissed her action and filed a substantially similar one on March 8, 2011. On January 20, 2011, Aurora moved to vacate the dismissal/judgment filed by Berk.

By March 9, 2011, the trial court granted Aurora's motion to vacate the dismissal/judgment, reinstated Berk's action and reset Aurora's motion to deem facts admitted for hearing on April 8. After considering the papers filed, along with argument

3

of counsel, the trial court granted Aurora's motion. On June 6, 2011, the court denied Berk's motion for reconsideration of the ruling on Aurora's motion to compel.

On August 12, 2011, Aurora moved for summary judgment. Berk failed to file and/or serve a written opposition by its due date of October 13, 2011. Instead, four days later, Berk dismissed the action, representing to Aurora that she was dismissing the action without prejudice because she had lost the trial in the unlawful detainer action brought to remove her from her home.[3] The court clerk contacted Aurora and instructed it to file a written notice of taking the motion for summary judgment off calendar.

On October 24, 2011, Berk filed yet another action against Aurora, alleging essentially the same claims that were alleged in the action she had just dismissed. Thus, on November 8, 2011, Aurora again moved, ex parte, to vacate Berk's dismissal of her first action and to reinstate its motion for summary judgment. Nine days later, the court granted Aurora's motion, vacated Berk's dismissal, and set a hearing on Aurora's motion for summary judgment in February 2012. On December 16, 2011, Berk substituted Bruce J. Guttman as her counsel in place of Andrew Kulick. That same day, Berk moved to "WITHDRAW ADMISSIONS DEEMED ADMITTED" on grounds of excusable neglect. The matter was taken under submission and denied on February 3, 2012, based on the court's finding that counsel's neglect was not excusable and was chargeable to Berk. Berk filed her opposition to Aurora's motion for summary judgment on January 25, 2012.

---

[3] Although the declaration does not state that the unlawful detainer action involved Berk's home, logic suggests that this is the case.

Following the hearing on Aurora's motion for summary judgment, the court granted the motion and entered judgment on February 29, 2012. Berk appeals, contending the trial court abused its discretion (1) "by striking [her] Request for Dismissal"; (2) in "deeming the Requests for Admission admitted . . . then failing to grant the motion for reconsideration"; (3) in "denying [her] motion . . . to withdraw those Requests for Admission that had been deemed admitted"; and (4) "placing [Aurora's] Summary Judgment motion back on calendar without proper notice and time to respond."

## II.  STANDARD OF REVIEW

Although Berk appeals from the judgment based on the order granting Aurora's motion summary judgment, she does not contend the court erred with respect to the grant of summary judgment itself. Rather, she challenges various rulings of the trial court that allowed the case to proceed to summary judgment. We review these rulings to determine whether the court abused its discretion. (*Tire Distributors, Inc. v. Cobrae* (2005) 132 Cal.App.4th 538, 544.)  "Even under this standard, there is still a substantial evidence component. We defer to the trial court's factual findings so long as they are supported by substantial evidence, and determine whether, under those facts, the court abused its discretion. If there is no evidence to support the court's findings, then an abuse of discretion has occurred. [Citation.]" (*Ibid*.) Even where a trial court errs in its factual findings, such error does not require reversal of the judgment unless the error resulted in a miscarriage of justice. (*Saxena v. Goffney* (2008) 159 Cal.App.4th 316, 332.)

5

## III.  DISCUSSION

### A.  Vacating Berk's Request for Dismissal

Berk contends the trial court abused its discretion when it vacated her request for dismissal of the action and placed Aurora's motion for summary judgment back on calendar without proper notice and time to respond.  She argues that she had the right to dismiss her action at any time until commencement of trial (Code of Civ. Proc., § 581, subd. (c)),[4] and that the court's reliance on *Cravens v. State Bd. of Equalization* (1997) 52 Cal.App.4th 253 (*Cravens*) was misplaced.  We disagree.

While section 581, subdivision (c) permits a plaintiff to dismiss all or part of an action before trial, the right to do so is limited by statutory and judicially recognized exceptions.  (*Cravens*, *supra*, 52 Cal.App.4th at p. 256.)  "'These exceptions generally arise where the action has proceeded to a determinative adjudication, or to a decision that is tantamount to an adjudication.'  [Citation.]"  (*Ibid*.)  A dismissal to avoid entry of summary judgment is one such situation.  In *Cravens*, the defendants met their burden on summary judgment, effectively negating the plaintiff's claims and they were entitled to judgment as a matter of law unless the plaintiff was able to raise disputed facts.  However, having failed to oppose the motion within the requisite time, "entry of summary judgment in favor of [defendants] became a formality which [plaintiff] could not avoid by the stratagem of filing a last minute request for dismissal without prejudice."  (*Id*. at pp. 257, 255; see also *Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th

---

[4]  All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

187, 200 [dismissal is ineffective where the trial court has publicly and formally indicated the legal merits of the case or where some procedural dereliction by the dismissing plaintiff makes dismissal inevitable]; *Mary Morgan, Inc. v. Melzark* (1996) 49 Cal.App.4th 765, 771-772 [voluntary dismissal not permitted after summary judgment hearing started]; *Miller v. Marina Mercy Hospital* (1984) 157 Cal.App.3d 765, 769-770 (*Miller*) [dismissal without prejudice after facts set forth in a request for admission were deemed admitted did not prevent ruling on summary judgment motion (based on relief provisions available under former section 2033)].)

Just as in *Cravens* and *Miller*, Aurora adduced evidence in support of summary judgment that negated the allegations against it.[5] Recognizing that she would lose, Berk thought she could dismiss her action without prejudice and file a new action alleging similar claims based on the same set of facts. She thought wrong. When Berk failed to timely oppose summary judgment, Aurora became entitled to judgment as a matter of law, and the trial court correctly vacated the entry of dismissal of her action and reinstated Aurora's motion for summary judgment.

## B. Deeming Matters Admitted

Next, Berk faults the trial court for deeming Aurora's requests for admission admitted. She argues that the trial court was unaware her attorney had failed to advise her about the discovery request until January 2011, after the case had been dismissed. Once the dismissal was vacated and the matter reinstated, Berk prepared responses to the

---

[5]  As previously noted, Berk has not challenged this ruling on appeal.

discovery and served them, albeit without verifications. She claims that her counsel "refused to take responsibility for the lack of Verifications under Code of Civil Procedure section 473(b)." Berk also faults the trial court for failing to grant her motion for reconsideration. In a related argument, she contends the trial court erred in denying her motion to withdraw the admissions that had been deemed admitted.

Berk failed to provide any reasoned argument and citations to authorities to support some of her claims, so generally they would be deemed forfeited. "'Appellate briefs must provide argument and legal authority for the positions taken. "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived."' [Citation.] 'We are not bound to develop appellants' arguments for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived.' [Citations.]" (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.) Notwithstanding the absence of a legal argument in support of each of her claims, we consider the merits of the issues raised and conclude the trial court did not abuse its discretion.

Any party may request in writing that any other party to the action admit the genuineness of specified documents, or the truth of specified matters of fact, opinion relating to fact, or application of law to fact. (§ 2033.010.) Each response must be complete, admitting so much of the matter involved as is true (§ 2033.220, subds. (a) & (b)(1)), denying what is untrue (§ 2033.220, subd. (b)(2)), and specifying so much of the matter involved in the request as to the truth of which the responding party lacks

8

sufficient information or belief.  (§ 2033.220, subd. (b)(3).)  If the requests for admission are objectionable, the responding party may object (§ 2033.230) or seek a protective order (§ 2033.080, subd. (b)).  Otherwise, the party to whom the requests for admission are directed must sign the response under oath (§ 2033.240, subd. (a)), and serve it on the requesting part within 30 days (§ 2033.250, subd. (a)), unless the parties agree to extend the time for service of the responses.  (§ 2033.260, subd. (a).)

If the party to whom requests for admission are directed fails to serve a timely response, that party waives any objection to the requests unless that party has subsequently served a response or that party's failure to do so was the result of mistake, inadvertence, or excusable neglect.  (§ 2033.280, subds. (a)(1), (2).)  The requesting party may move for an order that the requests be deemed admitted.  (§ 2033.280, subd. (b).)  "The court *shall* make such an order unless it finds that the party to whom the requests for admission have been directed has served, before the hearing on the motion, a proposed response to the requests for admission that is in substantial compliance with Section 2033.220."  (§ 2033.280, subd. (c), italics added.)  Any matter admitted in response to a request for admission is conclusively established against the party making the admission, unless the court permits a withdrawal or amendment of the admission pursuant to section 2033.300.  (*New Albertsons, Inc. v. Superior Court* (2008) 168 Cal.App.4th 1403, 1418 (*New Albertsons*).)

A party may obtain relief from an admission made in response to a request for admission by leave of court, upon a determination the admission was the result of mistake, inadvertence, or excusable neglect, and the party who obtained the admission

9

will not be substantially prejudiced in maintaining that party's action or defense on the merits. (*New Albertsons, supra,* 168 Cal.App.4th at p. 1418; see also § 2033.300, subds. (a), (b).) This rule applies equally to matters deemed admitted, as well as to admissions made in response to a request for admission. (*Wilcox v. Birtwhistle* (1999) 21 Cal.4th 973, 982 (*Wilcox*).) The purpose of providing an opportunity to obtain such relief is to eliminate undeserved windfalls obtained through requests for admission and further the policy favoring the resolution of lawsuits on the merits. (*Id.* at p. 983.)

Because the statutory language, "mistake, inadvertence, or excusable neglect" in section 2033.300 is similar to the language found in section 473, subdivision (d), permitting a court to relieve a party of a judgment or order taken against him through mistake, inadvertence, or excusable neglect, the terms have been interpreted to have the same meaning. (*New Albertsons, supra,* 168 Cal.App.4th at pp. 1418-1419.) Such motions for relief are committed to the discretion of the trial court, with any doubts being resolved in favor of the party seeking relief from default. (*Id.* at p. 1419.) The trial court's discretion to deny a motion for relief based on the failure to establish excusable neglect is limited to circumstances where inexcusable neglect is clear. (*Elston v. City of Turlock* (1985) 38 Cal.3d 227, 235, superseded by statute on another basis as described in *Tackett v. City of Huntington Beach* (1994) 22 Cal.App.4th 60, 64-65.) Denial of relief is appropriate where the discovery violations are willful. (*Standard Microsystems Corp. v. Winbond Electronics Corp.* (2009) 179 Cal.App.4th 868, 906.)

An order denying discretionary relief under section 473 is more carefully scrutinized on appeal than an order permitting trial on the merits. (*Rodriguez v. Henard*

(2009) 174 Cal.App.4th 529, 535.) Attorney error can constitute excusable neglect, depending on the nature of the error and whether counsel was otherwise diligent. (*Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 276, 278.) If the neglect by counsel is of the excusable variety, relief may be warranted. (*Conway v. Municipal Court* (1980) 107 Cal.App.3d 1009, 1018.) However, where an attorney's neglect is inexcusable, it is imputed to the client, and does not warrant relief. (*Ibid.*) No neglect, inadvertence, or mistake was alleged in the trial court or on appeal.

Berk admits that she failed to timely respond to discovery; however, the record is void of any evidence of such failure. According to Berk, she was never aware that any discovery was served on Mr. Kulick on October 18, 2010. She claims that she did not discover the motions to compel discovery until January 2011. Thus, she argues that Mr. Kulick's excusable neglect caused her not to timely respond to discovery. However, in support of the request that the trial court reconsider its ruling on Aurora's motion to compel discovery responses and deem requests for admission admitted, Mr. Kulick failed to offer any explanation as to why he never timely responded to the discovery requests in the fall of 2010. Rather, he claimed that he reasonably believed the case had been dismissed in December 2010, and thus, any discovery or motion to compel was moot. But the responses were originally due before the case was dismissed. What was the reason Mr. Kulick failed to meet the original due date? We, like the trial court, do not know. Both his and Berk's claims that the responses were prepared and served, albeit without verification, prior to the hearing on Aurora's motion to deem matters admitted, are irrelevant. This was well after the due date.

11

Berk and her counsel had the burden of establishing inadvertence, excusable neglect, or mistake to be entitled to relief. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 258.) While any doubts are usually resolved in favor of a party moving for relief (*New Albertsons, supra,* 168 Cal.App.4th at p. 1420), plaintiff here made no showing whatsoever. Even after retaining new counsel, Berk's only evidence of her failure to timely respond to discovery is her claim that Mr. Kulick did not communicate with her and do his job. However, there is no evidentiary showing as to what interfered with satisfying the discovery obligations. There is no declaration from Mr. Kulick demonstrating any mistake or inadvertence in failing to obtain the necessary discovery responses. Rather, Berk continues to focus on the fact that responses, albeit unverified, were provided prior to the hearing on the motion to compel, and argues that "a more reasonable method of enforcing the [discovery] statute would have simply been to impose sanctions, and require that a Verification be served within a reasonable time (a matter of days), and if not served, THEN the Requests for Admission could be deemed admitted." However, a nonresponding party can only escape a binding admission by establishing mistake, inadvertence, or excusable neglect, as well as no substantial prejudice to the propounding party. (*Ibid.*) Again, no such showing was made here.

Further, the question here is not whether the trial court should have imposed a lesser sanction; rather, it is whether the trial court abused its discretion by imposing the sanction it chose. (*Liberty Mutual Fire Ins. Co. v. LcL Administrators, Inc.* (2008) 163

12

Cal.App.4th 1093, 1105.)  While the discovery statutes contemplate a graduating system of enforcement (*Wilcox, supra,* 21 Cal.4th at p. 982), a court is not required to impose lesser sanctions.  (*New Albertsons, supra,* 168 Cal.App.4th at p. 1426.)  Where misconduct in connection with the failure to produce evidence is sufficiently egregious, the court may be justified in imposing nonmonetary sanctions even absent a prior order compelling discovery.  (*Ibid.*)

In short, none of Berk's claims amount to assignments of error by the trial court that entitle her to relief.  While the result may have been harsh, we cannot say that it was an abuse of discretion or that it resulted in a miscarriage of justice.  (*Saxena v. Goffney*, *supra*, 159 Cal.App.4th at p. 332.)

## C.  Reinstating Aurora's Motion for Summary Judgment

Finally, Berk contends the trial court abused its discretion when it placed Aurora's motion for summary judgment back on calendar without proper notice and time to respond.  However, other than the arguments addressed above, raised in support of her contentions, she has failed to provide any reasoned argument and citations to authorities to support this claim.  To the extent she is relying on those arguments, we reject them for the reasons previously stated.  Otherwise, this final contention is forfeited.  (*Cahill v. San Diego Gas & Electric Co.*, *supra*, 194 Cal.App.4th at p. 956.)

13

## IV.  DISPOSITION

The judgment is affirmed.  Aurora shall recover its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


HOLLENHORST
J.

We concur:


RAMIREZ
P.J.

RICHLI
J.

14