Filed 1/27/16  Golden v. Cline CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| LISA GOLDEN, | D065007 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2012-00098546-CU-PN-CTL) |
| STEPHEN G. CLINE, | |
| Defendant and Respondent. | |


APPEAL from orders of the Superior Court of San Diego County, Randa Trapp, Judge.  Affirmed.


Lisa Golden, in pro. per., for Plaintiff and Appellant.

Law Offices of Stephen G. Cline and Stephen G. Cline, for Defendant and Respondent.

INTRODUCTION

In a legal malpractice action filed by Lisa Golden, in propria persona, against her former attorney, Stephen G. Cline, the trial court granted Cline's motion to declare Golden a vexatious litigant pursuant to Code of Civil Procedure section 391, subdivision (b)(1).[1]  After finding there was no reasonable probability Golden will prevail in this action, the court ordered her to furnish an undertaking in the amount of $1,000 for Cline's reasonable attorney fees and costs and, when she did not timely furnish the security, it dismissed the action.  (§§ 391.3, 391.4)  The court also issued a prefiling order prohibiting Golden from filing new litigation in California in propria persona without approval of the presiding judge of the court in which any new action is filed (§ 391.7, subd. (a)).

On appeal, Golden contends:  (1) the court erred in denying her peremptory challenge as untimely; (2) the court erred in hearing the vexatious litigant motion on the merits after she submitted a request for dismissal; and (3) there was insufficient evidence to support the court's finding she is a vexatious litigant and, in any event, the court was precluded from making such a finding based on the principles of res judicata or collateral estoppel.  We find no merit in these contentions and affirm the orders.[2]

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2]     On Friday, January 8, 2016, one business day before the scheduled oral argument on Monday, January 11, 2016, Golden submitted a motion to augment the record on appeal with various court documents.  Golden served the motion by mail and conceded at

FACTUAL AND PROCEDURAL BACKGROUND

A

Cline was appointed by the San Diego County Office of Assigned Counsel to represent Golden in a criminal contempt case filed by the San Diego County Department of Child Support Services (DCSS) for Golden's failure to pay child support. Cline was the eighth attorney to represent Golden in the criminal contempt action. The case concluded with Golden's incarceration for contempt.

B

Golden, representing herself, sued Cline and the County of San Diego (County) for legal malpractice, breach of fiduciary duty, invasion of privacy, and negligent and intentional infliction of emotional distress based on Cline's representation of Golden in the contempt proceedings. Among other things, Golden alleged Cline did not object to the release of certain documents produced by third parties in response to subpoenas from DCSS. She alleged certain documents produced were outside the date range for records sought by subpoena. She further alleged Cline did not attempt to recover the documents after they were released. She alleged the production of these documents led to her incarceration. She also alleged Cline made embarrassing comments to her in front of his office staff regarding the contents of the documents.

A notice was mailed to Golden on July 11, 2012, stating the matter was reassigned to Judge Randa Trapp due to the recusal of another judge based on that judge's familiarity

oral argument Cline would not have received it until Monday. We deny the motion as untimely. (*People v. Preslie* (1977) 70 Cal.App.3d 486, 492.)

with Golden. Golden's peremptory challenge, filed on August 10, 2012, was denied as untimely.

When Cline filed a demurrer, Golden objected to exhibits filed in support of the demurrer as containing confidential information. At an ex parte hearing, Cline stated he would refile the demurrer with the documents redacted. Golden requested the documents be stricken and the court indicated it would direct the clerk's office to do so if it was possible. The court also raised the security level so the public could not view the documents. Cline refiled his demurrer, motion to strike, and request for judicial notice with redacted exhibits. The court sustained Cline's demurrer without leave to amend as to all causes of action except for the breach of fiduciary duty cause of action.[3]

C

Cline filed a motion to declare Golden a vexatious litigant. Cline contended Golden met the definition of a vexatious litigant under section 391, subdivision (b)(1)-(4). He sought an order requiring Golden to furnish $25,000 in security to continue the litigation (§ 391.3, subd. (a)), based on the amount of attorney fees awarded in a similar malpractice case Golden filed against another former attorney. He also requested a prefiling order requiring leave of court before Golden could file any new actions in propria persona (§ 391.7, subd. (a)).

---

[3] The court sustained the demurrer of the County as to all causes of action without leave to amend. Golden's appeal of that ruling was dismissed for failure to timely deposit fees for preparation of the record on appeal.

In support of the motion, Cline lodged and requested judicial notice of documents from 16 cases in which Golden was involved as a litigant since 2000. Cline submitted a separate statement summarizing Golden's litigation history based on the lodged documents. This litigation history included a child support and custody dispute case, two criminal cases and numerous civil cases.

Cline also submitted a declaration stating Golden had no probability of prevailing on her breach of fiduciary duty cause of action because he did not turn over privileged documents to opposing counsel in the child support contempt proceedings, instead all documents were lawfully subpoenaed. Cline stated he opposed the full release of the records when a responding entity sent the entire file rather than limiting the production of records to the dates requested by the subpoena. The court ordered DCSS to return the original file and not to release the information to any other party. Cline attached a sampling of e-mail correspondence between Golden and him, which Cline stated demonstrated "her propensity to utilize threat of litigation as leverage to obtain compliance with her goals."

Golden opposed the motion with her own declarations giving her perspective on her litigation history and the suit against Cline. She argued she did not qualify as a vexatious litigant because attorneys filed some of the actions on her behalf and she enjoyed some successes in the course of some litigation. She stated, "Cline is a defendant for nothing less than GOOD reason. He has done enough to be disbarred, let alone being sued for his malpractice and invasion of privacy."

5

## D

Before the hearing on the vexatious litigant motion, Golden filed a request for dismissal without prejudice. Cline did not object to the dismissal, but argued the motion to declare Golden a vexatious litigant should be heard. The court took the matter under submission and continued the hearing. The court invited the parties to submit additional briefing regarding the effect of the request for dismissal and ordered the request for dismissal held until the court ruled on whether or not the vexatious litigant motion could proceed. Golden stated she would withdraw the request for dismissal if the motion was heard.

Cline submitted a brief with authorities indicating a plaintiff's request to dismiss an action without prejudice may be denied when a dispositive motion is pending. Cline argued the motion to declare Golden a vexatious litigant was essentially a dispositive motion and Golden's attempt to dismiss the action without prejudice was "a tactical ploy intended to avoid the negative consequences" of granting Cline's motion. Cline argued that hearing the motion on the merits would benefit the court and future defendants. The record contains no supplemental briefing from Golden on the issue of whether dismissal precluded a hearing on the vexatious litigant motion. Instead, she filed a "[anti-]SLAPP motion in response to [Cline's] [v]exatious litigant motion."[4]

The court decided it would hear the vexatious litigant motion despite the request for dismissal. Golden withdrew her request for dismissal.

---

[4]     Although not in the record, we presume Golden's motion was filed pursuant to section 425.16, the anti-SLAPP (strategic lawsuit against public participation) statute.

Golden did not appear at the hearing for the vexatious litigant motion. After taking the matter under submission, the court granted the motion to declare Golden a vexatious litigant, the request for a prefiling order, and the request for an order requiring Golden to furnish security. It also granted Cline's request for judicial notice.

The court found Golden qualified as a vexatious litigant under section 391, subdivision (b)(1), because she filed or maintained in propria persona more than five lawsuits in the preceding seven years, which were determined adversely to her. The court cited eight such matters in support of its findings: (1) a restraining order sought in propria persona on June 7, 2007, which was denied; (2) a complaint against a former attorney on June 19, 2007, in which she appealed an adverse ruling in propria persona but the appeal was no longer pending; (3) a restraining order sought in propria persona on July 13, 2011, which was dismissed; (4) a complaint against a former attorney, initially filed on September 28, 2011, by counsel, but maintained by Golden in propria persona after her counsel withdrew from the representation and until she requested dismissal without prejudice in August 2012; (5) a restraining order sought in propria persona on January 5, 2012, which was denied and a restraining order issued against Golden; (6) this action, in which Golden sued not only Cline but also the County in propria persona and the court sustained the County's demurrer without leave to amend and sustained Cline's demurrer as to all but one cause of action; (7) a restraining order requested in propria persona on November 13, 2012, which was denied; and (8) a complaint filed in propria

persona for personal injury, defamation and slander on November 13, 2012, in which the defendants' anti-SLAPP motion was granted.

The court concluded there were insufficient facts to support Golden's breach of fiduciary duty cause of action and ordered Golden to furnish an undertaking of $1,000 by September 27, 2013, or the case would be dismissed. The court also issued a prefiling order precluding Golden from filing a new action without leave of the presiding judge of the court. When Golden failed to furnish the security on the date directed, the court dismissed the action.

F

Golden timely appealed the prefiling order declaring her a vexatious litigant and the order of dismissal of the action for failure to timely furnish the security ordered by the court. (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1347 [holding a prefiling order under § 391.3 is appealable because it constitutes an injunction for purposes of § 904.1, subd. (a)(6)]; see *Golin v. Allenby* (2010) 190 Cal.App.4th 616, 635 [holding an appeal lies from an order or judgment of dismissal under § 391.4 after failing to furnish security].)

DISCUSSION

I

*Peremptory Challenge*

Golden contends the court erred in denying her peremptory challenge pursuant to section 170.6 as untimely and further contends the trial judge should have recused herself for bias. The record in this case indicates Golden's peremptory challenge was filed on

8

August 10, 2012, more than 15 days after the notice of case reassignment was mailed on July 11, 2012. As such, it was untimely pursuant to section 170.6, subdivision (a)(2).

Other than simply stating the peremptory challenge "was timely and correctly filed," Golden does not provide a cogent argument, supported by either the record or legal authorities, regarding how her peremptory challenge was timely or why recusal was necessary. "[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record. Rather than scour the record unguided, we may decide that the appellant has waived a point urged on appeal when it is not supported by accurate citations to the record. [Citations.] Similarly, we may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions [she] wants us to adopt." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286-287; Cal. Rules of Court, rule 8.204(a)(1)(B)-(C).) Therefore, we deem the issue waived.

Even if we were inclined to consider the issue, we could not do so because appellate review of an order denying a peremptory challenge is exclusively through a petition for writ of mandate filed and served within 10 days after service of a written notice of entry of the order denying the peremptory challenge. (§ 170.3, subd. (d).) Golden did not submit a timely petition for writ of mandate from the order denying the peremptory challenge and we cannot revisit the issue on appeal. (*D.C. v. Harvard-Westlake School* (2009) 176 Cal.App.4th 836, 850.)

9

## II

### *Request for Dismissal*

Golden contends the court erred in hearing the vexatious litigant motion after she submitted a request for dismissal without prejudice.  We are not persuaded.

Contrary to Golden's contention, the right to dismiss is not absolute.  Section 581, subdivision (b)(1), allows for dismissal up to the "actual commencement of trial," which has been held to extend to dispositive motions.  (See *Hartbrodt v. Burke* (1996) 42 Cal.App.4th 168, 175-176 [request for dismissal vacated when filed the day before the hearing on motion for terminating sanctions]; *Cravens v. State Bd. of Equalization* (1997) 52 Cal.App.4th 253, 257 [request for dismissal filed after expiration of time to oppose summary judgment motion]; *Mary Morgan, Inc. v. Melzark* (1996) 49 Cal.App.4th 765, 770 [voluntary dismissal denied after commencement of summary judgment hearing and continuance to conduct further discovery].)

These and other California authorities hold "parties are not permitted to voluntarily dismiss their actions after the court has made a dispositive ruling or given some indication of the legal merits of the case, or when the procedural posture is such that it is inevitable the plaintiff will lose.  After such occurrences … plaintiffs lose their right to voluntarily dismiss their case." (*Law Offices of Andrew L. Ellis v. Yang* (2009) 178 Cal.App.4th 869, 877.)  "[T]he common thread running through all of these decisions is the notion of fairness, which … depends on the plaintiff's motivation and intent in dismissing [her] complaint." (*Tire Distributors, Inc. v. Cobrae* (2005) 132 Cal.App.4th 538, 546.)

10

In this case, Golden did not respond to the court's invitation to brief the issue of whether or not a motion for vexatious litigant could proceed after the filing of a request for dismissal. Instead, Golden attempted to file an anti-SLAPP motion in response to the motion. She withdrew her request for dismissal when the court indicated it would rule on the merits of the vexatious litigant motion before dismissing the matter. This brings Golden's request for dismissal within the line of cases precluding a dismissal without prejudice when it is filed to avoid the adverse consequences of a dispositive motion. Under these circumstances, the trial court did not abuse its discretion in hearing the motion.

### III

### *Vexatious Litigant Motion*

### A

"The vexatious litigant statutes (§§ 391-391.7) are designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants." (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169-1170.) Under section 391.1, a "defendant may move for an order requiring the plaintiff to furnish security on the ground the plaintiff is a vexatious litigant and has no reasonable probability of prevailing against the moving defendant. The action is stayed pending determination of the motion. (§ 391.6.) If, after a hearing, the court finds for the defendant on these points, it must order the plaintiff to furnish security 'in such amount

11

and within such time as the court shall fix.' (§ 391.3.) The plaintiff's failure to furnish that security is grounds for dismissal. (§ 391.4.)" (*Shalant v. Girardi*, *supra*, at p. 1170.)

"A court exercises its discretion in determining whether a person is a vexatious litigant. [Citation.] We uphold the court's ruling if it is supported by substantial evidence. [Citations.] On appeal, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment." (*Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 219.) "Likewise, a court's decision that a vexatious litigant does not have a reasonable chance of success in the action is based on an evaluative judgment in which the court weighs the evidence. If there is any substantial evidence to support the court's determination, it will be upheld. [Citation.] But questions of statutory construction or interpretation are still reviewed de novo, as are questions of law." (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 636.)

B

Golden contends there was no substantial evidence to support the finding she is a vexatious litigant. She further contends the trial court used different cases than those cited by Cline upon which to base the vexatious litigant finding. However, Golden again fails to provide accurate citations to the record in support of her contentions or to provide cogent argument supported by authorities. (*City of Santa Maria v. Adam, supra,* 211 Cal.App.4th at pp. 286-287; Cal. Rules of Court, rule 8.204(a)(1)(B)(C).) Even if we were to consider the contentions, we would find no merit in them as our review of the record indicates the court referred to eight of the cases identified by Cline, with supporting exhibits, in finding Golden is a vexatious litigant.

12

C

Golden next contends the court erred in requiring "$10,000.00 as a deposit that appears to be a random number, punitive in nature, with no factual evidence to back it up." Again, Golden provides no citation to the record and we find nothing to support this contention in our review of the record. Cline requested security in the amount of $25,000 based upon the amount of attorney fees incurred and awarded to one of Golden's other former attorneys in a similar malpractice case she filed. The court instead ordered Golden to furnish security in the amount of $1,000 for reasonable attorney fees and costs incurred in this action. We find no abuse of discretion.

D

Golden's final contention is the vexatious litigant motion was barred by either res judicata (claim preclusion) or collateral estoppel (issue preclusion) because Cline argued Golden was not a vexatious litigant when he represented her in the contempt case.

"*Claim preclusion* 'prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.' [Citation.] Claim preclusion arises if a second suit involves (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit. [Citations.] If claim preclusion is established, it operates to bar relitigation of the claim altogether." (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824.) Claim preclusion does not apply in this case because the contempt proceeding against Golden, in which Cline represented her, did not involve the same parties as this legal malpractice action. (*Id*. at p. 825.)

13

"*Issue preclusion* prohibits the relitigation of issues argued and decided in a previous case, even if the second suit raises different causes of action. [Citation.] Under issue preclusion, the prior judgment conclusively resolves an issue actually litigated and determined in the first action. [Citation.] … [¶] Issue preclusion differs from claim preclusion in two ways. First, issue preclusion does not bar entire causes of action. Instead, it prevents relitigation of previously decided issues. Second, unlike claim preclusion, issue preclusion can be raised by one who was not a party or privy in the first suit. [Citation.] 'Only the party *against whom* the doctrine is invoked must be bound by the prior proceeding. [Citations.]' [Citation.] In summary, issue preclusion applies (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." (*DKN Holdings LLC v. Faerber*, *supra*, 61 Cal.4th at pp. 824-825.)

In the contempt proceeding, Cline filed a notice of appeal, request for a stay of penalty, and request for appointment of appellate counsel on Golden's behalf. DCSS opposed the requests and argued, in part, Golden's request for bail should be denied because she was a vexatious litigant. In reply, Cline opposed DCSS's contention Golden was a vexatious litigant, in part, based on his knowledge of her litigation history at the time. The court appointed appellate counsel, but denied the request for stay of the contempt judgment. It did not reach the issue of whether or not Golden was a vexatious litigant. The issue here is not identical to the issue raised in the contempt proceedings

and the court did not decide the issue in the contempt proceedings.  Therefore, issue preclusion does not apply to the vexatious litigant motion filed by Cline.

DISPOSITION

The prefiling order and order of dismissal for failure to furnish security are affirmed.  Cline shall recover his costs on appeal.

McCONNELL, P. J.

WE CONCUR:

BENKE, J.

McINTYRE, J.

15